Dorwart v. Hockett.

---

Dewitt Y. Dorwart et al., Appellants, v. Samuel W. Hockett, Appellee.

Filed July 2, 1919.   No. 20495.

1. **Brokers:** Action for Commission. Error cannot be predicated on the dismissal of a suit brought by the agent of the owner of land against the drawer of a check given to such agent for the purchase price thereof, less an incumbrance, where the deed of conveyance was changed in a material matter by such agent without the knowledge of either the owner or the proposed buyer, and the sale for that reason was not consummated.

2. **Bills and Notes:** Want of Consideration. In such case the consideration for the check wholly failed, and suit cannot be maintained for any part thereof, even though the buyer subsequently purchased the land directly from the owner.

3. **Evidence** examined, and, though conflicting, *held* sufficient to sustain the judgment.

APPEAL from the district court for Red Willow county: ERNEST B. PERRY, JUDGE, *Affirmed.*

*J. L. Rice,* for appellants.

*Eldred, Cordeal & McCarl* and *J. E. Kelley, contra.*

DEAN, J.

Plaintiffs are real estate agents, who sued to recover on a bank check for $233.35 drawn by defendant in a land transaction. Defendant pleaded failure of consideration. A jury was waived, and on submission of the testimony of the parties the suit was dismissed, and plaintiffs appealed.

Laura M. Beem, who is not a party to this suit, owned a 160-acre farm in South Dakota mortgaged for $850. Some interest and taxes were unpaid which she was unable to pay. It is not denied that her husband, J. S. Beem, who acted with her authority throughout, agreed with plaintiffs that they might sell the land if they would give the Beems $25 net from the proceeds. Thereafter plaintiffs began to negotiate with defendant, Hockett, for the sale of the Beem tract to him.

There is evidence tending to establish these facts: At their first meeting defendant was told by plaintiffs that the land was mortgaged for $800; that the owner wanted $100 net to him; that $80 or $85 taxes were unpaid; that plaintiffs wanted a $100 commission; that the transaction was not closed at the time because defendant wanted to put in some personal property instead of paying all cash; that defendant said that if he had to pay all cash he would pay $300 and assume the $800 mortgage, making the purchase price $1,100; that a few days later plaintiffs went out to defendant's farm, taking with them a deed to the land, which provided that defendant should assume a mortgage for $850; at the same time they requested a check for $350; defendant refused to accept the deed or give the check; that plaintiffs then said they would accept a check for $300, which he refused to give. Finally, plaintiffs induced defendant to give them his

check for $250, which was post-dated 10 days, to the end that defendant might have time to obtain a report respecting the land. A few days later defendant went to plaintiffs' office to close the transaction. He testified that plaintiffs at that time told him a mistake had been made, and that a check for $233.35, namely, the check sued on, was all that would be required; that he did not know what the mistake was, but relied on plaintiffs, signed the check and took the deed; that immediately after leaving the office he went to a bank to make a deposit to cover the amount of the check; that the bank was closed, and upon examining the deed he discovered a provision requiring him to pay certain back interest and taxes; that he at once returned to the office and told plaintiffs there was a mistake, and that if he had to pay back interest and taxes the check was written for too great an amount, and asked plaintiffs to correct the mistake, and demanded that the deed be made to conform to the agreement; that his demands were refused; that he thereupon offered to return the deed, and demanded a return of his check; both the offer and the demand being refused, he then notified the bank not to pay the check.

Respecting the interest and tax clause, defendant testified it was not in the deed when he first saw it, and on this point he is corroborated by Mr. Beem, who testified that it was not in the deed when signed by him and his wife and forwarded to plaintiffs. It is clear that there is sufficient testimony to establish the fact that the deed that was finally delivered to defendant by plaintiffs was not the deed that was contemplated by the agreement, and that under the evidence the defendant was justified in returning the deed and in stopping payment on the check.

It seems that defendant, being unable to close the transaction with plaintiffs, afterwards bought the land directly from the Beems. Plaintiffs now contend that they are entitled to the amount of the check, less the

back interest and taxes, on the theory that there was only a partial failure of consideration. We do not think so. The suit was brought to recover on a check given for the full amount of cash required on a land sale in excess of the incumbrance thereon. The transaction was not consummated at the time the suit was begun. It was through no fault of the defendant that the sale was not consummated and that the transaction was never closed with plaintiffs. It seems clear that there was a total failure of consideration. The testimony conflicts, but is amply sufficient to sustain the judgment of the trial court.

The judgment is

AFFIRMED.